**UNITED STATES ex rel. BRADFORD v. MULCAHY, U. S. Marshal, et al.**

District Court, S .D. New York.

March 20, 1946.

Joseph H. Broderick, of New York City, for petitioner.

John F. X. McGohey, U. S. Atty., for Southern District of New York, of New York City (Louis Bender, Asst. U. S. Atty., of New York City, of counsel), for respondents.

COXE, District Judge.

The information in this case (count 2) charges that on October 19, 1942, the Echlin Company and the relator wilfully violated Priorities Regulation No. 3, as amended October 3, 1942, subdivision (b) (2), in that they unlawfully obtained "one hundred and five (105) Hoyt D.C. ammeters by extending preference ratings, said quantity being in excess of the quantity necessary to satisfy the order for which said preference ratings were issued, * * *."

Priorities Regulation No. 3, as amended October 3, 1942, subdivision (b) (2) (7 F. R. October 6, 1942, p. 7887) reads as follows: "Preference ratings may be applied by the person to whom they are assigned only to the specific quantities and kinds of material authorized, or to the minimum required amounts or material when no specific quantities are authorized. Ratings which have been applied or extended by others to deliveries to be made by a person may, subject to the provisions of this Regulation, be extended by such person in order to obtain not more than the same amount and kind of material (except as specified in paragraph (c) (2) of this Regulation) which he has delivered or is required to deliver pursuant to such ratings."

This regulation was issued pursuant to war legislation authorizing the assignment of priorities for materials needed for national defense, and providing that "any person who wilfully performs any act prohibited, or wilfully fails to perform any act required by * * * any * * * regulation, or order thereunder, * * * shall be guilty of a misdemeanor, * * *". 50 U.S.C.A.Appendix § 633(a) (5).

The documentary evidence before the commissioner showed the following: On August 17, 1942, Automotive Parts Co. placed with the Echlin Company an order

for 20 voltage regulator meters, T.E.–1460, to which Automotive Parts Co. assigned an AA–1 priority No. 2—825594. On August 24, 1942, these voltage regulator meters, T.E. 1460, were invoiced by Echlin Company to Automotive Parts Co. On October 19, 1942, the Echlin Company placed with Hoyt Electrical Instrument Works an order for 125 Hoyt D.C. ammeters (component parts of voltage regulator meters) to which the Echlin Company assigned the same preference rating AA–1 No. 2—825594 as appearing on the previous order from Automotive Parts Co. This order of October 19, 1942, bears a stamp, signed by the relator, representing that the Echlin Company is entitled to extend the preference rating indicated on the order. On February 6, 1943, the Echlin Company received from Hoyt Electrical Instrument Works the 125 Hoyt D.C. ammeters which it immediately placed in raw stock.

On this evidence, it cannot be doubted that the government made a sufficient showing of probable cause to warrant the removal. Indeed, that is not seriously disputed by the relator in his brief. But it is insisted that the information (count 2) does not charge a crime because the ammeters purchased from Hoyt Electrical Instrument Works were not subject to priority control. This argument, I think, entirely misconceives the whole purpose of preference ratings under war-time legislation; these ratings were designed not to prevent the purchase of materials but to give priority to their procurement. The preference rating of AA–1 assigned by Automotive Parts Co. to the order given to the Echlin Company for 20 voltage regulator meters was applicable to the materials which went into the manufacture of the regulators, and under the terms of Priorities Regulation No. 3 could be extended by the Echlin Company only to these materials. The rating was not available for the purchase of materials beyond those required for or expended in the Automotive Parts Co. order. The use of the AA–1 rating on the order placed by the Echlin Company with Hoyt Electrical Instrument Works for 125 ammeters had the effect of putting the order ahead of all lower rated orders, and to the extent of 105 ammeters was a violation of Priorities Regulation No. 3.

The writ of habeas corpus is dismissed and the relator remanded.